## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

NEW YORK UNIVERSITY,

*Plaintiff,*

v.

SCHINDLER ELEVATOR CORPORATION,

*Defendant.*

Case No:
1:26-cv-01085-MMG

Assigned to:
Hon. Margaret M. Garnett

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Subject to the Court's approval, the parties in the above-captioned litigation (this "Action") hereby stipulate to the following protective order pursuant to Federal Rule of Civil Procedure 26(c) which (i) limits the review, copying, dissemination, and filing of confidential, personal, proprietary, and/or competitively sensitive material (as defined herein); and (ii) sets forth the procedures for designating and protecting such material (this "Stipulation and Order").

### *Designation of Discovery Materials as Confidential*

1.      This Stipulation and Order shall apply to and govern all information the disclosing party designates as confidential during discovery in this Action pursuant to paragraph 4 herein. This includes depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, all other discovery in any form, and all copies of such discovery and information contained therein (the "Confidential Material"). This Stipulation and Order is to be read together with the Stipulation and Order

Regarding the Production of Electronically Stored Information and Clawback Stipulation executed by the parties to this Action.

2.      As used in this Stipulation and Order, the term "disclosing party" refers to a party to this Action or, where applicable, a non-party, producing Confidential Material.

3.      As used in this Stipulation and Order, the term "receiving party" refers to a party to this Action receiving Confidential Material from a disclosing party.

4.      A disclosing party may designate as "CONFIDENTIAL" any information that, in its good faith judgment, constitutes trade secrets, proprietary business information, sensitive or personal information, Commercially Sensitive documents or information, or any other information the disclosure of which would cause harm or be detrimental to the disclosing party's business or other proprietary or privacy interest, or to the business or other proprietary or privacy interest of any of that party's employees, customers, clients, vendors, agents, or stakeholders.

5.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with the Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Civil Rules of this District, and the Court's Individual Rules and Practices.

6.      Nothing herein shall impose any additional confidentiality obligation upon information that (i) was or is in the public domain; (ii) was already in the possession of the receiving party in the form in which it was produced; (iii) is known to the receiving party through proper means; or (iv) is obtained by a party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

7.      In the event any person having Confidential Material produced in this Action receives a public record request, subpoena, or other process or order to produce such information, such receiving party shall give written notice to the disclosing party within ten (10) business days of receipt of such request, or as soon as practicable if ten (10) business days is not possible under the circumstances. The notice shall include a copy of the request, and the receiving party shall reasonably cooperate with respect to any procedure sought to be pursued by the disclosing party, at the disclosing party's expense, to resist production or protect the confidentiality of the documents or information at issue. Nothing in this Stipulation and Order shall be construed to require the receiving party to give written notice where prohibited by law, to relieve or prevent any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents pursuant to a public record request, subpoena, or other process or order to produce such information.

***Who May Receive Confidential Material & Use Limitations***

8.      Confidential Material subject to this Stipulation and Order may be used only for purposes of this Action and shall not be disclosed by the receiving party to anyone other than those listed in Paragraph 10 herein, except by prior written agreement of the parties or by order of the Court. Any person receiving Confidential Material shall use reasonable measures to store and maintain the Confidential Material so as to prevent unauthorized disclosure. Reasonable measures include the use of best practices to maintain the security and integrity of electronic data and files.

9.      Persons to whom Confidential Material is disclosed per Paragraph 10 herein shall be informed, prior to being shown materials marked as "CONFIDENTIAL," that he/she (i) is being shown such materials solely for use in this Action and (ii) shall not retain any documents marked as "CONFIDENTIAL" after the termination of this Action.

10.     The recipient of any Confidential Material that is provided under this Stipulation and Order shall maintain such material under direct control of counsel for the receiving party, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Order. All copies, reproductions, summarizations, extractions, and abstractions of the Confidential Material shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the designated material on which they are based.

11.     In the absence of an order of the Court, material designated as "CONFIDENTIAL" may be disclosed or made available only to the following persons:

a.  The named parties and the attorneys (both internal and external) working on this Action on behalf of any party, including attorneys consulting with or advising any party to this Action, in-house/agency attorneys, paralegals and staff, stenographic and clerical employees, and contractors working under the direct supervision of such counsel, including other professional and non-professional personnel (including support staff and outside copying and electronic discovery services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

b.  Officers, directors, or employees of any party to this Action who are actively working on this Action (including any former officers, directors, or employees part of the party's litigation control group);

c. Any expert witnesses or outside consultants expressly retained by any attorney to assist in this Action, and their employees, with disclosure only to the extent reasonably necessary to perform such work;

d. Any deponent or trial witness, if it appears that the witness (i) authored or received a copy of the Confidential Material, (ii) was involved in the subject matter described therein, or (iii) is employed by the party who produced the Confidential Material, or if the disclosing party consents in writing to such disclosure;

e. The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

f. Any other person whom the disclosing party agrees in writing may have access to such Confidential Material.

12. The persons described in Paragraph 10 shall have access to the Confidential Material only after they have been made aware of the provisions of this Stipulation and Order, including, without limitation, Paragraphs 7-9. The persons described in Paragraph 10(c)-(d) and 10(f) shall have access to the Confidential Material only after counsel retaining, representing, interviewing, or deposing those persons has provided a copy of this Stipulation and Order to such persons for review and those persons manifest their assent to be bound by the provisions of this Stipulation and Order by signing a copy of the annexed "NONDISCLOSURE AGREEMENT." Counsel for the Receiving Party obtaining the Nondisclosure Agreement shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required

to be supplied. Counsel shall retain copies of all executed Nondisclosure Agreements until the completion of the above-captioned litigation.

***Designating and Producing Confidential Material***

13.     Other than deposition transcripts and exhibits, the disclosing party or that party's counsel shall designate Confidential Material by performing all of the following: (i) stamping or otherwise clearly marking as "CONFIDENTIAL" on each page of the material in a manner that will not interfere with legibility or audibility; (ii) identifying the Confidential Material as "CONFIDENTIAL" in the "Designation" data field for all productions; and (iii) providing any Confidential Material in a separate "Confidential" production volume, including full families of such Confidential Material.

14.     Deposition transcripts and exhibits may be designated as "CONFIDENTIAL" either on the record during the deposition or in writing within fifteen (15) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "Confidential Information Governed by Protective Order." If no designation is made on the record during the deposition, then the entire transcript and all exhibits shall be treated as "CONFIDENTIAL" until such fifteen (15) day time period has elapsed.

15.     Any party who has designated a document or information as "CONFIDENTIAL" may remove such document or information from the scope of that protection by notifying all other parties in writing.

***Objecting to Designations of Confidentiality and Seeking an Order to Produce Such Material***

16.     In the event a party disagrees at any stage of this Action with any "CONFIDENTIAL" designation, such party shall provide to the disclosing party written notice of

its disagreement with the designation, describing with particularity the Confidential Material in question and stating the grounds for objection. The disclosing party shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation is deemed void. If a timely written response to the objection is made, the parties shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the party challenging the designation may request, within a reasonable time period, appropriate relief from the Court consistent with the Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Civil Rules of this District, and the Court's Individual Rules and Practices.

*Filing Confidential Material in this Action and Use at Trial*

17.    Before filing any material designated as "CONFIDENTIAL" with the Court, the party wishing to file the material shall advise the Court and the disclosing party so that the Court may determine how to protect the confidential nature of the material proposed to be filed. The parties shall not submit sealed or Confidential Material to the Court without prior consultation with chambers.

18.    Any documents designated as "CONFIDENTIAL" by any party that are designated in advance by any other party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party that designated them as "CONFIDENTIAL" obtains an appropriate protective order from the Court.

*Notice of Breach*

19.    If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person or party responsible for the unauthorized

7

disclosure must within (5) days of discovering the disclosure bring all pertinent facts relating to such disclosure to the attention of the disclosing party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Material from the unauthorized recipient.

***Clawback of Confidential Material***

20.    If at any time prior to the termination of this Action, a producing party realizes that it has produced Confidential Material without designating it as such, the producing party may designate such material as "CONFIDENTIAL" by promptly notifying all parties in writing. The notification must designate the Confidential Material as "CONFIDENTIAL" according to this Stipulation and Order. Such material will thereafter be treated as Confidential Material under the terms of this Stipulation and Order. The disclosing party shall provide the other parties with replacement versions of such Confidential Material and follow the designation and production requirements of Paragraph 12 within ten (10) business days of providing such notice.

21.    The receiving parties, within ten (10) business days of receiving the confidential designation notice in Paragraph 19, regardless of whether the receiving parties agree with the claim of confidentiality shall: (a) destroy the Confidential Material or return it to the disclosing party, including any paper or electronic copies and replace it with the new version, (b) notify any third party to whom the receiving parties sent or disclosed such identified Confidential Material to return it to the disclosing party or destroy it and replace it with the new version; and (c) treat as confidential any work product, analysis, memoranda, or notes reflecting the content of such produced Confidential Material and/or which were generated by the receiving parties (and/or receiving parties' consultants, experts, and/or agents) based upon such Confidential Material. If

any additional work product, analyses, memoranda, or notes are later discovered, they shall immediately also be treated as confidential. The receiving parties shall provide written assurance to the disclosing party that these actions have been completed within ten (10) days of receiving a request to provide such assurance in response to the confidential designation notice.

22.     Nothing in this Stipulation and Order shall preclude any party from seeking additional or different relief to protect information that is proprietary, competitive, sensitive, or personal.

***Rights, Limitations, and Modifications***

23.     A party's compliance with the terms of this Stipulation and Order shall not operate as an admission by that party that any particular document or information is or is not (i) responsive, (ii) privileged, (iii) reflective of personally identifiable information; or (iv) admissible in this Action.

24.     Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the parties hereto in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action. Nor is anything herein intended to limit a party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

25.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information before disclosure.

9

26.     This Stipulation and Order may be changed only by further agreement of the parties in writing or by order of the Court and is without prejudice to the right of any party to seek modification or judicial relief of this Stipulation and Order by application to the Court on notice to the other party.

27.     This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the parties or by order of the Court.

***Right to Assert Other Objections***

28.     This Stipulation and Order shall not be construed to waive or diminish any right to assert a claim of privilege, relevance, over breadth, proportionality, or other grounds for not producing material requested during discovery, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be granted only as provided by the discovery rules and other applicable law.

***Severability***

29.     The invalidity or unenforceability of any provision of this Stipulation and Order shall not affect the validity or enforceability of any other provision of this Stipulation and Order, which shall remain in full force and effect.

***Termination of the Litigation***

30.     This Stipulation and Order shall survive the termination of this Action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court. Within sixty (60) days of the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material that has been designated in accordance with all of the requirements of Paragraph 12 and all copies, reproductions, summarizations, extractions, and abstractions thereof, shall be returned to the

disclosing party or destroyed. At the conclusion of this 60-day period, if requested in writing by any party, counsel for each party shall provide to the other parties a certification stating that, to counsel's knowledge and belief, the party has either returned or made commercially reasonable efforts to destroy all Confidential Material in accordance with this Stipulation and Order. Notwithstanding the foregoing, counsel may retain Confidential Materials that (i) constitute attorney work product, (ii) were filed with the Court and/or marked as trial exhibits; or (iii) constitute deposition transcripts and exhibits, if such counsel otherwise comply with the provisions of this Stipulation and Order with respect to such retained material.

31.     This Court shall retain jurisdiction over all persons subject to this Stipulation and Order for so long as such persons have Confidential Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED AND AGREED TO**:
Dated: May 15, 2026

CULLEN AND DYKMAN LLP
*Counsel for Plaintiff*

One Battery Park Plaza, 34th Floor
New York, New York 10004
(212) 510-2250
rcoppola@cullenllp.com

By:     /s/ Richard A. Coppola
        Richard A. Coppola, Esq.

WALSH PIZZI O'REILLY FALANGA LLP
*Counsel for Defendant*

200 Vesey Street, 24th Floor
New York, New York 10281
(212) 380-1043
sfalanga@walsh.law

By: /s/ Stephen V. Falanga
        Stephen V. Falanga, Esq.

**SO ORDERED.**

_____

Hon. Margaret M. Garnett
United States District Judge

Dated: May 20, 2026

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

NEW YORK UNIVERSITY,

*Plaintiff,*

    *v.*

SCHINDLER ELEVATOR CORPORATION,

*Defendant.*

Case No:
1:26-cv-01085-MMG

Assigned to:
Hon. Margaret M. Garnett

## NONDISCLOSURE AGREEMENT WITH RESPECT TO THE STIPULATED PROTECTIVE ORDER

I, _____ , state that:

1.  My address is_____ .

2.  My present occupation or job description is _____ .

3.  I have received a copy of the STIPULATED PROTECTIVE ORDER (the "Stipulation and Order") entered in the above-entitled action on _____ .

4.  I have carefully read and understand the provisions of the Stipulation and Order.

5.  I will comply with all of the provisions of the Stipulation and Order.

6.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for purposes of this Action, any Confidential Material that is disclosed to me.

7. I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order in this Action, and I understand that my willful violation of any term of the Stipulation and Order could subject me to punishment for contempt of Court.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____